# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN KISTLER, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | :    **3:15-CV-00044** |
| | :    **(Judge Mariani)** |
| WELLS FARGO BANK, N.A., | : |
| | : |
| Defendant. | : |

## MEMORANDUM OPINION

### I.    Introduction

Presently before the Court is a Motion to Dismiss Plaintiff's Complaint for Failure to

State a Claim under Federal Rule of Civil Procedure 12(b)(6) (Doc. 3). For the reasons that

follow, the Court will deny the Motion, but will nonetheless dismiss the federal action for lack

of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and will remand

the matter to the Lackawanna County Court of Common Pleas.

### II.  Factual Allegations and Procedural History

*Pro se* Plaintiff John Kistler filed a Complaint against Defendant Wells Fargo Bank in

the Lackawanna County Court of Common Pleas on December 10, 2014. (*See* Compl.,

Doc. 1-2.) The Complaint is written in a disorganized and somewhat confusing manner.

However, when considered in light of this Court's duty to "liberally construe" *pro se*

pleadings, *see Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L. Ed. 2d

1081 (2007); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003), the Court finds that

the Complaint alleges the following facts, which are accepted as true for purposes of resolving Defendant's Motion.

The alleged facts are relatively simple. On November 21, 2014 at 3:45 pm, Plaintiff discovered "upon presentment of a cash withdrawal slip that WELLS FARGO BANK had placed a hold on the funds of his joint checking account." (Compl. at ¶ 5.) This was because the Internal Revenue Service ("IRS") had issued what Plaintiff calls a "bogus 'Notice of Levy' form 668-A(ICS)" to the Bank against Plaintiff's account. (*Id.*) Plaintiff called Wells Fargo and "asked them for a copy of the COURT ORDER" authorizing this levy. (*Id.* at ¶ 6.) Representatives of the Defendant refused repeated requests to provide a court order and simply informed Plaintiff that the IRS is allowed to issue a Notice of Levy without one. (*See id.* at ¶¶ 6-9.)

On this basis, Plaintiff filed his Complaint in state court. The Complaint contains allegations that IRS agent James Smith (who is not a party to the action) violated duties imposed by federal law and by an IRS internal memorandum. (*Id.* at ¶¶ 10-11.) It then alleges that the instant Defendant "WELLS FARGO BANK is in violation of U.S.C. 26 § 6332(3)(c) [*sic*][1] Surrender of property subject to levy, enforcement proceedings, special rules for banks (under judicial process) which means a COURT ORDER!" (*Id.* at ¶ 12.)

---

[1] There is no 26 U.S.C. § 6332(3)(c). The Court assumes that Plaintiff means to invoke 26 U.S.C. § 6332(c), which is the same in substance as the subsection that he alleges.

Plaintiff then clarified that he filed this action to allege a breach of contract and not to litigate his underlying tax liability:

> The purpose of this action and complaint is to determine if WELLS FARGO BANK is required to VERIFY if there is a VALID COURT ORDER in support of the "Notice of Levy" that would legally bind WELLS FARGO BANK to place a hold on Mr. Kistlers' [sic] funds on deposit in the BANK for safe keeping[,] to which there is no COURT ORDER in existence.
>
> And then[,] after the 21 day holding period, then be legally responsible to transfer ownership of those funds to the IRS as partial payment of "ALLEGED" delinquent Taxes! BUT, because there is NO VALID COURT ORDER to support the "Notice of Levy" there can be no legal reason to transfer said funds to the IRS!
>
> It is hereby Mr. Kistlers' [sic] contention that given the fact that WELLS FARGO BANK has a binding contract with him to keep his funds safe from theft and theft by deception that WELLS FARGO BANK does indeed have a "FIDUCIARY RESPONSIBILITY" to Mr. Kistler to obey his request to call the IRS and ask for a copy of the COURT ORDER in support of the "Notice of Levy."

(Id. at p. 7.) On the basis of this alleged breach of fiduciary duty, Plaintiff writes that he "is seeking TRIPLE DAMAGES in the amount of $69,235.32 plus lost wages, restitution for bank late fees, bank handling fees, lost wages, lost use of free time to research, prepare and file these documents, filing fees and mental anguish." (Id. at p. 8.)

Defendant Wells Fargo removed this matter to federal court on January 7, 2015. It expressly did so on the basis of federal-question jurisdiction; no information was provided to invoke diversity jurisdiction. (See generally Notice of Removal, Doc. 1, at ¶¶ 7-9, 11-12; Notice of Removal Civil Cover Sheet, Doc. 1-1.) It then filed the instant Rule 12(b)(6) Motion to Dismiss.

## III. Analysis

It is not necessary to undertake the traditional Rule 12(b)(6) analysis because we conclude that, at the most basic level, the federal district courts lack subject matter jurisdiction to hear this case and that removal was therefore improper. The Court will accordingly dismiss this federal action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).[2]

The Court notes that, while he does not elaborate on his arguments in great depth, Plaintiff also objects to Defendant's removing the case to federal court. Plaintiff argues that (1) the case was removed to federal court "without [his] consent" and (2) Defendant, by removing the case, impermissibly attempts to turn this breach of contract action into a determination of tax liability. (*See* Pl.'s Br. in Opp. to Mot. to Dismiss, Doc. 14, at 1.)

The law is well-established that a plaintiff's consent is not required for removal. The United States Constitution provides that the "judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority." U.S. Const. Art. III, § 2. Congress then vested power to hear such cases in the district courts. 28 U.S.C. § 1331. ("The districts courts shall have original jurisdiction of all civil actions arising under the Constitution, laws,

---

[2] Subject matter jurisdiction "delimits federal-court power." *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583, 119 S. Ct. 1563, 1570, 143 L. Ed. 2d 760 (1999). "[B]ecause it involves a court's power to hear a case, [it] can never be forfeited or waived." *United States v. Cotton,* 535 U.S. 625, 630, 122 S. Ct. 1781, 1785, 152 L. Ed. 2d 860 (2002). Therefore, "courts . . . have an independent obligation to determine whether subject matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514, 126 S. Ct. 1235, 1244, 163 L. Ed. 2d 1097 (2006).

4

or treaties of the United States.") Moreover, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." *Id.* at § 1441(a). Plaintiff's claim is predicated on Defendant's alleged violation of 26 U.S.C. § 6332, a federal law. Thus, his case initially appears to arise "under the Laws of the United States."

However, this does not end the matter. Plaintiff's Complaint and his briefs opposing the Motion to Dismiss insist that he is suing for state-law breach of contract. When the Court accords his *pro se* pleadings the liberal construction required above, the gravamen of his action appears to be the theory that the Bank owed him a contractual and fiduciary duty as a depositor to not comply with an IRS levy unless that levy was accompanied by a court order under 26 U.S.C. § 6332. This claim certainly requires a determination of federal law: namely, whether compliance with an IRS levy that lacks a court order violates the statute and exposes the Bank to liability in a private action by a depositor. But the alleged violation of federal law is only an element of a broader state-law cause of action (breach of contract).

The Supreme Court described this hybrid category of cases—in which state law claims implicate federal questions—as follows:

> [The] provision for federal-question jurisdiction is invoked by and large by plaintiffs pleading a cause of action created by federal law (e.g., claims under 42 U.S.C. § 1983). There is, however, another longstanding, if less frequently encountered, variety of federal "arising under" jurisdiction, this Court having recognized for nearly 100 years that in certain cases, federal-question jurisdiction will lie over state-law claims that implicate significant federal

5

issues. *E.g., Hopkins v. Walker*, 244 U.S. 486, 490-491, 37 S. Ct. 711, 61 L. Ed. 1270 (1917). The doctrine captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues . . . .

*Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312, 125 S. Ct. 2363, 2366-67, 162 L. Ed. 2d 257 (2005). In such cases, "[e]ven though state law creates [Plaintiff's] cause of action, [his] case might still 'arise under' the laws of the United States if a well-pleaded complaint established that [his] right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Franchise Tax Bd. of State of California v. Constr. Laborers Vacation Trust for S. California*, 463 U.S. 1, 13, 103 S. Ct. 2841, 2848, 77 L. Ed. 2d 420 (1983).

That is the general rule. But within the confines of that rule, *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 106 S. Ct. 3229, 92 L. Ed. 2d 650 (1986) applies directly to the circumstances of Kistler's case and compels the conclusion that the District Court lacks federal-question jurisdiction here. In *Merrell Dow*, a woman filed suit against a drug manufacturer to recover for "multiple deformities" that her child suffered after she ingested the Defendant's drug during pregnancy. *Merrell Dow*, 478 U.S. at 805. Five of her six counts sought recovery under common-law tort claims. *Id.* The remaining count alleged that the drug at issue "was 'misbranded' in violation of the Federal Food, Drug, and Cosmetic Act (FDCA), 52 Stat. 1040, as amended, 21 U.S.C. § 301 *et seq.* (1982 ed. and Supp. III), because its labeling did not provide adequate warning that its use was potentially

6

dangerous." *Id.* at 805-06. The Court of Appeals determined—and both parties agreed—that there is no private federal cause of action for FDCA violations. *Id.* at 810. Because the Plaintiff could not allege the FDCA violation under federal law, then the Supreme Court held that this nonexistent federal cause of action could not by itself bestow federal-question jurisdiction on the district courts, even though the violation of the statute was "said to be a 'rebuttable presumption' or a 'proximate cause' under state law" such that it could serve as an element of Plaintiff's common-law tort claims. *See id.* at 809-12. The Supreme Court's holding was clear:

> We conclude that a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

*Id.* at 817; *see also Smith v. Indus. Valley Title Ins. Co.*, 957 F.2d 90, 93 (3d Cir. 1992) ("Following *Merrell Dow*, we hold that a private federal remedy for violating a federal statute is a prerequisite for finding federal question jurisdiction in this circumstance. The district court did not have subject matter jurisdiction over plaintiffs' removed claims because they are not federal causes of action, and the only issue of federal law presented is whether there have been violations of a federal statute for which Congress did not provide a private federal remedy.").

Our decision is made all the easier because Congress expressly prohibited a private

cause of action against a bank complying with an IRS levy within section 6332 itself. That

section provides:

> Any person in possession of (or obligated with respect to) property or rights to
> property subject to levy upon which a levy has been made who, upon demand
> by the Secretary, surrenders such property or rights to property (or
> discharges such obligation) to the Secretary (or who pays a liability under
> subsection (d)(1)) *shall be discharged from any obligation or liability to the
> delinquent taxpayer* and any other person with respect to such property or
> rights to property arising from such surrender or payment.

26 U.S.C. § 6332(e) (emphasis added).

Because Plaintiff seeks to allege a violation of section 6332 as an element of a state

law cause of action and because section 6332 explicitly prohibits a private federal cause of

action, then the case fits squarely under the ruling in *Merrell Dow*. No federal-question

jurisdiction exists and the Court is therefore without power to hear this case.[3]

---

[3] The Supreme Court's decision in *Grable & Sons*, 545 U.S. at 314-20, is not to the contrary. The *Grable* Court noted that *Merrell Dow* did not create a bright-line rule to hold that the absence of a federal private right of action is *dispositive* of the questions of jurisdiction. *See Grable & Sons*, 545 U.S. at 317-18. Rather, the lack of a federal private cause of action is only "*evidence of* . . . the sensitive judgments about congressional intent that § 1331 requires." *Id.* at 318 (internal quotations marks omitted) (emphasis added). In other words, *Merrell Dow* stands for the proposition that a court must examine and balance "the importance of having a federal forum for the issue, and the consistency of such a forum with Congress's intended division of labor between state and federal courts." *Id.* at 319. The Court cannot dismiss an action merely because no private federal right of action exists without examining these other factors.

However, in our case, all considerations line up exactly with the justifications in *Merrell Dow*. As *Grable* stated, the *Merrell Dow* holding was justified in large part because that *Merrell Dow* Court "thought it improbable that the Congress, having made no provision for a federal cause of action, would have meant to welcome any state-law tort case implicating federal law solely because the violation of the federal statute is said to create a rebuttable presumption of negligence under state law." *Id.* at 319 (internal alterations and quotation marks omitted). In this case, *Grable* concluded, the message that Congress sent indicated that a federal cause of action was prohibited. But in our case, we do not need to speculate about probabilities. Congress expressly *prohibited* a private federal cause of action in section 6332(e). Thus, the reasoning in *Merrell Dow* applies even more strongly to prevent federal jurisdiction in our own case and compels the

The issue of whether, notwithstanding Plaintiff's lack of a private federal cause of action, he is still entitled to recover under a common law breach of contract action is a matter of state law to be determined by the Pennsylvania courts. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court will therefore remand this matter to the Lackawanna County Court of Common Pleas.

## IV. Conclusion

For the reasons discussed above, Defendant's 12(b)(6) Motion to Dismiss (Doc. 3) is **DENIED**. The Court will dismiss the matter for lack of subject matter jurisdiction under Rule 12(b)(1) and will remand the case to the Lackawanna County Court of Common Pleas. A separate Order follows.

Robert D. Mariani
United States District Judge

---

conclusion that allowing jurisdiction would "flout, or at least undermine, congressional intent" to exclude exactly these types of federal causes of action. *Id.* at 316 (quoting *Merrell Dow*, 478 U.S. at 812).